IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BOBBY WYNN,

        Plaintiff,

VS.

Nurse PAT JOHNSON, *et al.*,    :    NO. 5:12-CV-323-MTT-CHW

        Defendants    :    **ORDER & RECOMMENDATION**

Plaintiff **BOBBY WYNN**, currently confined at the Bibb County Law Enforcement Center ("BCLEC"), filed this 42 U.S.C. § 1983 lawsuit (Doc. 1). In compliance with the Court's prior Order (Doc. 11), Plaintiff has submitted a recast complaint (Doc. 13).[1]

This Court previously granted Plaintiff's request to proceed *in forma pauperis* ("IFP") and waived the initial partial filing fee.[2] Plaintiff is nevertheless required to pay the full $350.00 filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of the BCLEC.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner

---

[1] Also pending before the Court is Plaintiff's motion for an extension of time to submit a recast complaint (Doc. 12). As Plaintiff has filed his recast complaint, said motion is **DENIED AS MOOT.**

[2] Plaintiff filed a second motion to proceed IFP (Doc. 14), which is hereby **DENIED AS MOOT**.

1

complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a

litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff suffers from a number of medical problems, including glaucoma, diabetes, and mental health issues. He alleges that he was denied proper medical care by the following Defendants: Nurse Stokes, Nurse Pat Johnson, Nurse Annie Fair, "Mental Health Consultant" Heather Simms, and Dr. McCard, a psychiatrist.[3] Nurses Stokes and Johnson allegedly denied Plaintiff visits to an outside ophthalmologist and delayed, for months, providing Plaintiff with his necessary eye medication. Plaintiff states that he suffered "optic nerve damage" and a "future threat of blindness." Plaintiff's only allegation against Nurse Fair is that she failed to obtain Plaintiff's eye drops from Walgreen's pharmacy. Plaintiff states that Dr. McCard misdiagnosed Plaintiff and, without first examining Plaintiff, prescribed a drug used for schizophrenia and bi-polar disease, which made Plaintiff sick and worsened his eye condition. Simms merely provided Plaintiff with the drug prescribed by Dr. McCard.

---

[3] Because Plaintiff only mentions the above Defendants in his recast complaint, the Clerk's Office is **DIRECTED** to remove the following parties as Defendants in this action: Correct Health and its employees, all John and/or Jane Does, and River Edge Behavioral Health Center.

### III. DISCUSSION

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment."  To show that a prison official acted with deliberate indifference, a plaintiff must demonstrate:  "(1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury."  *Mann v. Taser Int'l, Inc.* 588 F.3d 1291, 1306-07 (11th Cir. 2009).  "Deliberate indifference" has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence.  *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

For deficient medical treatment to rise to the level of an Eighth Amendment violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted).   The mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law.  *Id; see also Howell v. Evans*, 922 F.2d 712 (11th Cir.), *vacated as moot*, 931 F.2d 711 (1991), *reinstated   by unpublished order, sub. nom Howell v. Burden*, 12 F.3d 190, 191 (11th Cir. 1994).

Even construed liberally in Plaintiff's favor, the Complaint fails to allege deliberate indifference on the part of Defendants Nurse Fair, Heather Simms, and Dr. McCard.  Plaintiff's lone allegation against Nurse Fair – that she failed to retrieve Plaintiff's eye drops from Walgreens - is simply too limited to state a claim of deliberate indifference.  As to Heather Simms and Dr. McCard, Plaintiff alleges, at most, malpractice or other negligence on the part of these Defendants.

4

In contrast to deliberate indifference, mere negligence is a state law claim generally not cognizable in federal court. *See Simpson v. Holder*, 200 F. App'x 836, 839 (11th Cir. 2006) ("The facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment."). These Defendants provided Plaintiff with medical treatment that does not "shock the conscience" or appear inconsistent with fundamental fairness. *See e.g., Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir.1995) (whether defendants "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability); *Harris*, 941 F.2d at 1505 (explaining that a difference in medical opinion between the prison's medical staff and the inmate about the inmate's course of treatment will not support an Eighth Amendment claim). Accordingly, it is hereby **RECOMMENDED** that Nurse Fair, Heather Simms, and Dr. McCard be **DISMISSED WITHOUT PREJUDICE** as Defendants herein.[4]

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

Construing the complaint liberally and in light of Plaintiff's apparent serious eye condition, the Court will allow Plaintiff's lawsuit to go forward against Defendant Nurses Stokes and Pat Johnson. Accordingly, it is hereby **ORDERED** that service be made on these two Defendants, and that they file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible

---

[4] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court</u>

first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.  Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due by

any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 7th day of June, 2013.

> s/ Charles H. Weigle
> Charles H. Weigle
> United States Magistrate Judge